Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JUAN CARLOS SALGADO MARTÍNEZ<br><br>Peticionario<br><br>v.<br><br>IVONNE OQUENDO SÁNCHEZ, FULANA DE TAL, & LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA ENTRE AMBOS, LA EXCE TRADING LLC T/C/C LAEXCETRADIG, COMPAÑÍA ASEGURADORA "A" Y "B": FULANO DE TAL: COMPAÑÍA "X"<br><br>Recurridos | KLCE202401356 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: GB2024CV00149<br><br>Sobre:<br><br>Incumplimiento de Contrato; Cobro de Dinero; Daños |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

**Brignoni Mártir, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de febrero de 2025.

Comparece ante nos, Juan Carlos Salgado Martínez (en adelante, "el peticionario"), a los fines de solicitar nuestra intervención para que dejemos sin efecto la "*Resolución"* emitida y notificada el 13 de diciembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante la referida "*Resolución,"* dicho tribunal declaró *No Ha Lugar* la "*Moción Solicitando que se Dicte Sentencia Sumariamente (Moción de Sentencia Sumaria al Amparo de la R. 36*)," presentada por el peticionario. Todo, dentro de un pleito sobre incumplimiento de contrato; cobro de dinero; y daños, entablado por el peticionario en contra de Ivonne Oquendo Sánchez (en lo sucesivo, "la señora Oquendo") y la compañía La Exce Trading LLC t/c/c La Exce Trading (en adelante, "Exce Trading"). La señora Oquendo y Exce Trading, en conjunto, se identificarán como "la parte recurrida".

Número Identificador

SEN2025_____

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto solicitado.

**I.**

El 21 de febrero de 2024, el peticionario presentó la "*Demanda"* de epígrafe. Sostuvo que el 4 de noviembre de 2022 suscribió junto a la señora Oquendo un "*Acuerdo de Beneficio,*" mediante el cual quedó obligado a entregarle la cantidad de $50,000.00. Adujo, que en esa misma fecha le transfirió a la señora Oquendo la cantidad de $56,000.00 en concepto de pago inicial. A su vez, aseveró que dicho pago inicial estaba garantizado por Exce Trading. En cuanto a la contraprestación, argumentó que la señora Oquendo quedó obligada a devolverle dentro del término de un (1) año, el doble de la cantidad por él entregada para una suma total de $112,000.00. Sostuvo que la señora Oquendo también quedó obligada a comunicarle las actualizaciones de la cuenta objeto de la obligación, lo cual no realizó.

También, arguyó que la señora Oquendo prorrogó unilateralmente por tres (3) meses adicionales la entrega de su contraprestación. Sin embargo, aseveró que aún no le había satisfecho la suma total adeudada. En virtud de lo expuesto, solicitó al foro primario que le ordenara a la parte recurrida efectuar el pago de la cantidad total de $112,000.00; más el pago de intereses por mora; costas, gastos y honorarios de abogado.

En respuesta, el 20 de junio de 2024, la parte recurrida presentó "*Contestación a Demanda.*" En esencia, negó las alegaciones principales en cuanto a la reclamación de cobro de dinero incoada por el peticionario. Alegó que el acuerdo en cuestión no fue aceptado ni firmado por las partes. Además, sostuvo que la alegada deuda no se trataba de dinero tangible, sino de una serie de activos consistentes en criptomonedas. Únicamente admitió que existió un traspaso de activos desde la "wallet" del peticionario a la "wallet" de la corporación de responsabilidad limitada, Exce Trading.

Tras varias incidencias procesales que no son necesarias de pormenorizar, el 16 de agosto de 2024, el peticionario presentó un escrito intitulado "*Al Expediente Judicial.*" Mediante este, notificó que le cursó a la parte recurrida un "*primer interrogatorio, requerimiento de producción de documentos y requerimiento de admisiones.*" En reacción, el 3 de septiembre de 2024 la parte recurrida presentó "*Moción Urgente Solicitando Orden Protectora en Forma de Extensión de Términos Relacionados al Descubrimiento de Prueba en esta Etapa de los Procedimientos.*" Mediante esta, solicitó que se le concediera un término adicional para contestar el descubrimiento de prueba cursado por el peticionario.

Luego de que el peticionario presentara oposición a la extensión de término solicitada, el 5 de septiembre de 2024, el foro recurrido notificó una "*Resolución.*" Mediante esta, declaró *No Ha Lugar* la "*Moción Urgente Solicitando Orden Protectora en Forma de Extensión de Términos Relacionados al Descubrimiento de Prueba en esta Etapa de los Procedimientos,*" presentada por la parte recurrida.

En la misma fecha de 5 de septiembre de 2024, el peticionario presentó "*Moción Solicitando que se Dicte Sentencia Sumariamente (Moción de Sentencia Sumaria al Amparo de la R. 36*)."[1] En síntesis, argumentó que en el presente caso no existen hechos materiales en controversia que ameriten la celebración de una vista en su fondo. Sobre el particular, sostuvo que conforme al "*Acuerdo de Beneficio*" no existía controversia sobre la cuestión esencial de que Exce Trading se obligó a garantizar el deposito inicial que le fue transferido a la parte recurrida, y que la señora Oquendo se obligó a entregarle el doble de la cantidad depositada. Además, apoyó la solicitud de sentencia sumaria bajo el argumento de que ante la ausencia de respuesta de la parte recurrida los

---

[1] El peticionario fundamentó la solicitud de sentencia sumaria con la siguiente prueba documental: "*Primer Requerimiento de Admisiones*" de treinta y cinco (35) preguntas, dirigido a Ivonne M. Oquendo Sánchez; "*Primer Requerimiento de Admisiones*" de veinticuatro (24) preguntas, dirigido a Ivonne M. Oquendo Sánchez; correo electrónico sobre "*Requerimiento de Producción de Documentos y Requerimiento de Admisiones;*" y Captura de Pantalla del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

hechos expuestos por él en el requerimiento de admisiones, estos se dieron por admitidos. De otra parte, planteó que la única cuestión en controversia se limitaba a dirimir "si existe o no un derecho de las codemandadas a retener el depósito realizado por el demandante, en virtud del cual las demandadas prometieron devolver al demandante, una cantidad no menor al doble de la cantidad depositadas." En virtud de lo expuesto, solicitó que se dictara sentencia sumaria a su favor, y en consecuencia se declarara *Ha Lugar* la "*Demanda.*"

Posteriormente, el 16 de septiembre de 2024, la parte recurrida presentó "*Moción Urgente Solicitando Extensión de Términos para Responder Descubrimiento de Prueba y Conversión de la Naturaleza del Señalamiento Pautado para el 1 de octubre de 2024.*" En esencia, nuevamente peticionó al foro recurrido que se extendiera el término para contestar el descubrimiento de prueba cursado por el peticionario. Expresó que el referido descubrimiento se debía retomar luego de que se emitiera una determinación sobre la "*Moción Solicitando que se Dicte Sentencia Sumariamente (Moción de Sentencia Sumaria al Amparo de la R. 36*)." En la alternativa, solicitó que se le permitiera contestar el "*primer interrogatorio, requerimiento de producción de documentos y requerimiento de admisiones*" luego de que se celebrara la conferencia inicial pautada para el 1 de octubre de 2024, conferencia que a su vez peticionó que fuera convertida en una vista sobre el estado de los procedimientos.

Así pues, el 17 de septiembre de 2024, el foro primario notificó una "*Orden*" mediante la cual concedió a la parte recurrida quince (15) días de prórroga para que contestara el descubrimiento de prueba cursado por el peticionario. Además, dejó sin efecto el señalamiento de vista del 1 de octubre de 2024. Ante ello, el 2 de octubre de 2024 la parte recurrida presentó "*Moción Urgente Solicitando Extensión Final.*" Mediante esta solicitó al foro primario que le concediera una nueva extensión del término fijado para contestar el descubrimiento de prueba. Peticionó que dicha

extensión culminara en el momento en que el foro intermedio dispusiera del recurso de *certiorari* que había radicado a los fines de solicitar la desestimación del presente caso.

Luego de que el peticionario se opusiera a la solicitud de la parte recurrida, el 7 de octubre de 2024, el foro primario notificó una "*Orden,*" mediante la cual mantuvo inalterado el curso de los procedimientos. Al día siguiente, el peticionario presentó "*Moción Solicitando que se por Sometida la Solicitud de Sentencia Sumaria sin Oposición,*" dado que, según sostuvo, el término para que la parte recurrida expresara su posición sobre la "*Moción Solicitando que se Dicte Sentencia Sumariamente (Moción de Sentencia Sumaria al Amparo de la R. 36*)," había expirado. Consecuentemente, reiteró que se dispusiera sumariamente del pelito a su favor.

Así las cosas, el 10 de octubre de 2024, el foro recurrido notificó una "*Orden.*" Mediante esta, dio por sometida la controversia. Inconforme con ello, el 22 de octubre de 2024 la parte recurrida presentó "*Solicitud de Reconsideración a Orden del 7 de octubre de 2024 y a Orden del 10 de octubre de 2024.*" Mediante dicha solicitud, aseveró que a pesar de las varias incidencias procesales que se habían suscitado en el caso, este aún se encontraba en su etapa inicial. Además, aseveró que sus comparecencias demostraban que no había abandonado los reclamos y defensas que le asistían. En virtud de lo expuesto, solicitó al foro recurrido que le concediera un término de diez (10) días para contestar el descubrimiento de prueba cursado por el peticionario. Cónsono con lo anterior, peticionó que transcurrido el referido término se señalara una vista argumentativa y sobre el estado de los procedimientos.

El 24 de octubre de 2024, el foro recurrido notificó una "*Resolución Interlocutoria.*" Mediante esta, únicamente concedió a la parte recurrida un término de dos (2) días laborables para cumplir con el descubrimiento de prueba y presentar su posición respecto a la "*Moción Solicitando que*

*se Dicte Sentencia Sumariamente (Moción de Sentencia Sumaria al Amparo de la R. 36*)."

En cumplimiento de lo ordenado, el 28 de octubre de 2024 la parte recurrida presentó "*Moción en Oposición a Solicitud de Sentencia Sumaria.*" En esencia, alegó que el caso de epígrafe tiene varias controversias de hechos esenciales las cuales impedían que se dispusiera sumariamente del pleito. Particularizó que contrario a lo argumentado por el peticionario, la transferencia en cuestión se efectuó mediante la consignación de un bien intangible en una "wallet," la cual no pertenecía a una institución bancaria de Puerto Rico. A tenor de ello, sostuvo que la alegada transferencia no se realizó mediante moneda estadounidense. Además, arguyó que el aducido acuerdo no fue suscrito por las partes. En virtud de ello, peticionó que se declarara *No Ha Lugar* la *Moción Solicitando que se Dicte Sentencia Sumariamente (Moción de Sentencia Sumaria al Amparo de la R. 36*)," presentada por el peticionario.

En la misma fecha de 28 de octubre de 2024, la parte recurrida presentó "*Moción Informativa en Cumplimiento con Resolución Interlocutoria.*" Mediante esta, notificó que había enviado al peticionario la contestación del "*primer interrogatorio, requerimiento de producción de documentos y requerimiento de admisiones.*"

En reacción, el peticionario presentó "*Oposición a Moción Informativa en Cumplimiento con Resolución Interlocutoria* [33]." En resumidas cuentas peticionó al foro primario que diera por no contestado el requerimiento de admisiones cursado a la parte recurrida por este haberse contestado a destiempo y por carecer de explicaciones debidamente fundamentadas. La referida solicitud del peticionario fue declarada *No Ha Lugar* por el foro recurrido en fecha de 30 de octubre de 2024.

Posteriormente, el 13 de diciembre de 2024, el foro recurrido notificó la "*Resolución*" que hoy nos ocupa. Mediante esta, dicho foro

declaró *No Ha Lugar* la "*Moción Solicitando que se Dicte Sentencia Sumariamente (Moción de Sentencia Sumaria al Amparo de la R. 36*)," presentada por el peticionario. A su vez, el referido foro esbozó los siguientes hechos incontrovertidos y hechos en controversia:

### HECHOS INCONTROVERTIDOS

1. Juan Salgado es un empresario, mayor de edad, con dirección postal y física en 1851 Calle Loíza San Juan, PR 00911 y número de teléfono (787) 755-2222.

2. La Sra. Ivonne M. Oquendo Sánchez es una persona natural con dirección postal y física en Urb. Villa Caparra Calle B #B- 11 Guaynabo, PR 00966 y número de teléfono (939) 256-2505.

3. Para la fecha de los hechos, LaExceTrading era una compañía de responsabilidad limitada, organizada el 20 de octubre de 2021 bajo las leyes del Estado Libre Asociado de Puerto Rico, por la Sra. Oquendo, con número de registro en el Departamento de Estado 474980.

4. La Sra. Oquendo fungió como única presidenta y agente residente de LaExceTrading.

5. Para la fecha de los hechos, la dirección postal y física de LaExceTrading era Urb. Villa Caparra Calle B #B-1 1 Guaynabo, P.R., 00966 y la dirección de correo electrónico era "laexcetrading@gmail.com".

6. El 4 de noviembre de 2022, la parte demandante le transfirió a la parte demandada 56,000 USDC, equivalentes, en aquel momento, a $56,018. 12.

### HECHOS EN CONTROVERSIA

1. Si las partes perfeccionaron un acuerdo el 4 de noviembre de 2022.

2. La naturaleza y los términos del acuerdo perfeccionado entre las partes, si alguno.

3. Si la parte demandada incumplió con las obligaciones alegadamente suscritas el 4 de noviembre de 2022.

4. Los daños percibidos, si alguno, por la parte demandante, como consecuencia del alegado incumplimiento contractual de la parte demandada.

5. El valor de los daños sufridos por la parte demandante, si alguno.

En la misma fecha, **el foro recurrido señaló para el 10 de marzo de 2025, la celebración de una "*Conferencia Inicial*"** y ordenó que el 28

de febrero de 2025 las partes entregaran el "*Informe para el Manejo del Caso.*"

En desacuerdo con la aludida "*Resolución,*" el 16 de diciembre de 2024, el peticionario compareció ante nos mediante un recurso de *certiorari*. A través de este, esbozó los siguientes señalamientos de error:

1. Primer Señalamiento de Error: Erró el TPI al aceptar la Oposición a Moción de Sentencia Sumaria de la parte demandada, pese a que la misma no cumplía con las Reglas de Procedimiento Civil.

2. Segundo Señalamiento de Error: Erró el TPI al refrendar el incumplimiento de la parte demandada con las Reglas de Procedimiento Civil, aceptando la Oposición a Moción de Sentencia Sumaria de la parte demandada.

3. Tercer Señalamiento de Error: Erró el TPI al no dictar sentencia sumaria de conformidad con la Regla 36 y determinar que habían hechos en controversia cuando de las alegaciones y de la prueba presentada por las partes se desprende que no existe ningún hecho material en controversia.

4. Cuarto Señalamiento de Error: Erró el TPI al no dar por admitidos los hechos requeridos en el Requerimiento de Admisiones, luego de que la parte demandada no contestara los mismos, en el término establecido en la Regla 33 de Procedimiento Civil.

5. Quinto Señalamiento de Error: Erró el TPI al refrendar la conducta de constante dejadez de la parte demandada, permitiendo, por al menos tercera vez, que incumpliera con las disposiciones de las Reglas de Procedimiento Civil.

6. Sexto Señalamiento de Error: Erró el TPI al permitir que se contestara el Primer Requerimiento de Admisiones, pasados los veinte (20) días establecidos en la Regla 33 de Procedimiento Civil, sin que se hubiese contestado, objetado o solicitado prórroga alguna de manera oportuna, y únicamente luego de sometida una Moción de Sentencia Sumaria al amparo de la Reala 36 de Procedimiento Civil.

7. Séptimo Señalamiento de Error: Erró el TPI al eliminar las admisiones de la parte demandada y no tomarlas en consideración para fines de la Moción de Sentencia Sumaria al amparo de la Regla 36 de Procedimiento Civil, cuando las mismas se dieron por admitidas automáticamente de conformidad con la Regla 33 de Procedimiento Civil.

8. Octavo Señalamiento de Error: Abusó de discreción el TPI al no dar por sometida la moción de sentencia sumaria (R36) sin oposición, ni tomar como buenas las admisiones de la parte demandada (R33) como *evidencia admisible* para los fines de la sentencia sumaria, incumpliendo con las disposiciones mandatorias de las Reglas 33 y 36 de Procedimiento Civil.

9. Noveno Señalamiento de Error: Erró el TPI al refrendar la conducta de dejadez desplegada por la parte demandada durante el trámite del caso, sin justa causa para ello, en detrimento de la parte demandante.

10. Décimo Señalamiento de Error: Abusó de su discreción el TPI al oponerse motu proprio a la moción de sentencia sumaria, cuando la parte demandada omitió hacerlo conforme a derecho.

El 14 de enero de 2025, la parte recurrida presentó su oposición al recurso de epígrafe. Así pues, con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el marco jurídico aplicable al caso ante nuestra consideración.

**II.**

**A.    Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145; *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani*

*Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.*; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd.*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.     Sentencia Sumaria:**

La sentencia sumaria es un mecanismo procesal cuya función es permitir a los tribunales disponer parcial o totalmente de litigios civiles en aquellas situaciones en las que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico*, Inc., 2025 TSPR 1; *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023); *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020); *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769, 784 (2016).

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, detalla el procedimiento que debe seguir la parte promovente de una solicitud de sentencia sumaria. A tales efectos establece que una solicitud deberá incluir (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia

sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V., R. 36.3; *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *SLG Zapata Rivera v. J. F. Montalvo*, 189 DPR 414, 432 (2013).

De otro lado, la parte que se oponga a que se dicte sentencia sumaria está obligada a contestar la solicitud de forma detallada. *Ramos Pérez v. Univisión*, 178 DPR 200, 216 (2010). Para ello, deberá cumplir con los mismos requisitos con los que tiene que cumplir el promovente, pero, además, su solicitud deberá contener: (1) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, (2) con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal. 32 LPRA Ap. V, R. 36.3 (b) (2). Es decir, el promovido no puede descansar en meras alegaciones y afirmaciones. *Birriel Colón v. Supermercado Los Colobos,* 2023 TSPR 120. Por el contrario, debe someter evidencia sustancial de los hechos materiales que están en disputa y demostrar que tiene prueba para sustanciar sus alegaciones. *SLG Zapata Berríos v. JF Montalvo, supra*; *Ramos Pérez v. Univisión, supra*, pág. 215. De incumplir con ello, corre el riesgo de que se dicte sentencia sumaria en su contra, de proceder en derecho. *León Torres v. Rivera, supra*, pág. 44; *SLG Zapata-Rivera v. J.F. Montalvo, supra.*

No obstante, aun en ausencia de prueba que controvierta la evidencia presentada por la parte promovente, esto no significa que procederá la moción de sentencia sumaria automáticamente, pues el

tribunal no está obligado a resolver a favor del promovente. Se resolverá a favor de este si el juzgador "**queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y de que, por lo tanto, una vista en los méritos resulta innecesaria**". (Énfasis suplido). *Mun. de Añasco v. ASES et al*, 188 DPR 307, 327 (2013) (énfasis suplido). Véase, además, *Fernández Martínez v. RAD-MAN SJ, LLC*, 208 DPR 310, 337 (2021); *Jusino Figueroa v. Walgreens of San Patricio*, 155 DPR 560, 578 (2001); *Piovanetti García v. Touma*, 178 DPR 745, 774 (2010).

Si la parte quien se opone a la solicitud de sentencia sumaria utiliza declaraciones juradas como su mecanismo para admitir prueba, estas se basarán en el conocimiento personal del o la declarante, además que contendrán hechos que sean admisibles y demuestren que él o la declarante está cualificado para testificar. 32 LPRA Ap. V, R. 36.5. Por otra parte, la Regla 36.6 establece que:

> Si de las declaraciones juradas de la parte que se oponga a la moción resulta que ésta no puede, por las razones allí expuestas, presentar mediante declaraciones juradas hechos esenciales para justificar su oposición, el tribunal podrá denegar la solicitud de sentencia o posponer su consideración, concediéndole a la parte promovida un término razonable para que pueda obtener las declaraciones juradas, tomar deposiciones, conseguir que la otra parte le facilite cierta evidencia o dictar cualquier otra orden que sea justa. 32 LPRA Ap. V, R. 36.6.

En suma, se dictará sentencia sumaria cuando las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay u otra evidencia que obre en el expediente del tribunal, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. 32 LPRA Ap. V, R. 36.3 (e); *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp.,* 2025 TSPR 6; *González Meléndez v. Municipio Autónomo de San Juan,* 212 DPR 601, 611-612 (2023). Así, el criterio rector al considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales pertinentes, según alegados por las partes en sus respectivas solicitudes u oposiciones, y que solo reste aplicar el Derecho. *Rodríguez García v. UCA, supra*, pág.

941. Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria, para evitar la privación del derecho de todo litigante a su día en corte. *Ramos Pérez v. Univisión, supra*, pág. 216 (énfasis suplido).

Igual que el Tribunal de Primera Instancia, este Tribunal de Apelaciones se rige por la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia al determinar si procede o no una sentencia sumaria. Ello quiere decir que debemos realizar una revisión *de novo* y examinar el expediente de la manera más favorable a la parte que se opuso a la moción de sentencia sumaria en el foro primario, haciendo todas las inferencias permisibles a su favor. *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico,* 212 DPR 335, 353 (2023)*; Meléndez González et al v. M Cuebas*, 193 DPR 100, 118 (2015).

Nos toca analizar los documentos que acompañan la moción que solicita la sentencia sumaria y los documentos incluidos con la moción en oposición, y aquéllos que obren en el expediente del Tribunal; con el fin de determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *S.L.G. v. S.L.G.*, 150 DPR 171, 193 (2000). Si de los documentos surge duda sobre la existencia de una controversia de hechos, éstas se deben resolver contra el promovente, ya que este mecanismo procesal no permite que el Tribunal dirima cuestiones de credibilidad. *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020). De igual modo, como regla general, no es aconsejable disponer de los casos por la vía sumaria cuando exista controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia. *Jiménez Soto v. Carolina Catering Corp.*, 2025 TSPR 3.

Este foro intermedio tampoco puede adjudicar los hechos materiales y esenciales en disputa, ya que esa tarea le corresponde al foro de primera instancia. *Vera v. Dr. Bravo*, 161 DPR 307, 335 (2004). En fin, nuestra evaluación está limitada a la consideración de la evidencia

que las partes presentaron ante el foro de primera instancia. Debemos revisar que los escritos cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*. Además, verificamos si en realidad existen hechos materiales en controversia. Finalmente, de encontrar que los hechos materiales realmente están incontrovertidos, revisamos si la primera instancia judicial aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas, supra*, págs. 118-119.

## C.    Regla 33 de Procedimiento Civil

La Regla 33 de las de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 33, regula lo concerniente al requerimiento de admisiones. Según comenta el tratadista J. Cuevas Segarra "[e]ste es un mecanismo sencillo y económico, de excepcional utilidad en la práctica contenciosa". J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1000; véase *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171 (2007). De modo que, la aludida regla autoriza a una parte a requerirle a otra que admita la veracidad de cualquier materia que se relacionen con cuestiones u opiniones de hechos o con la aplicación de la ley a los hechos, y la autenticidad de cualquier documento que se acompañe con el requerimiento. *Íd.*, *op. cit.*, pág. 1000. Este instrumento "persigue el propósito de aligerar los procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 571 (1997).

En lo pertinente, la referida Regla dispone que:

> Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. 32 LPRA Ap. V, R. 33.

En otras palabras, la parte que viene obligada a responder un requerimiento de admisiones deberá "admitir o negar lo requerido bajo

juramento o presentar una objeción escrita sobre la materia en cuestión dentro del término de 20 días". *Rivera Prudencio v. Mun. de San Juan*, supra, pág. 171-72. De incumplir con este requisito, las cuestiones sobre las cuales se solicitó la admisión se tendrán por admitidas automáticamente. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, *supra*, pág. 573 (énfasis suplido). En este sentido, la Regla en cuestión no requiere que el tribunal emita una orden a esos efectos. *Íd.* La referida admisión será definitiva, a menos que el tribunal en virtud de una solicitud previa, permita su retiro o enmienda. *Íd.* Nuestro Tribunal Supremo ha expresado que con esta Regla se busca evitar que una parte, mediante actuaciones que demuestren dejadez y desidia, dilate los procedimientos judiciales. *Rivera Prudencio v. Mun. de San Juan*, supra, pág. 174.

A pesar de lo anteriormente expuesto, en los casos apropiados, **el tribunal debe de ser flexible en su interpretación y "[d]ebe de ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello**". (Énfasis suplido). *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, *supra,* págs. 573-574. Además, si bien nuestro más alto Foro ha expresado que las disposiciones de la Regla 33, *supra* son mandatorias, "al igual que ocurre con cualquier otra regla procesal, al aplicarla e interpretarla no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial". *Íd.*, págs. 574-575.

### III.

En síntesis, el peticionario sostiene que la parte recurrida incumplió con su deber de contestar el requerimiento de admisiones en el término dispuesto para ello en nuestro ordenamiento procesal civil. Cónsono con lo anterior, argumentó que tampoco presentó solicitud de prórroga a esos fines, por lo cual entiende que su accionar ha dilatado el curso de los procedimientos. A su vez, asevera que en el presente caso no existen hechos esenciales en controversia, y que los argumentos generalizados

de la parte recurrida no lograron controvertir los referidos hechos materiales.

En oposición, la parte recurrida aduce que cumplió con el término final que le concedió el foro primario para que presentara su posición con relación a la "*Moción Solicitando que se Dicte Sentencia Sumariamente (Moción de Sentencia Sumaria al Amparo de la R. 36)."* y para que contestara el "*primer interrogatorio, requerimiento de producción de documentos y requerimiento de admisiones*," cursado por el peticionario. A su vez, alegó que ha sido activa en comparecer al pleito mediante distintos escritos. Finalmente, arguyó que el caso de epígrafe tiene hechos materiales en controversia que impiden la adjudicación sumaria del asunto. Particularizó al respecto, que existía controversia sobre el perfeccionamiento de un acuerdo entre las partes en la de fecha de 4 de noviembre de 2022.

Por estar los señalamientos de error relacionados entre sí, los discutiremos conjuntamente. Veamos.

Tras una revisión de *novo* de la totalidad del expediente ante nos, concluimos que existen hechos materiales en controversia que impiden la disposición sumaria del caso de epígrafe. Sabido es que al momento de evaluar una solicitud de sentencia sumaria existe un principio de liberalidad que requiere que el expediente sea examinado de la forma mas favorable a la parte que se opone a la referida solicitud. Además, la adjudicación sumaria es la excepción a la norma general de que los casos se deben ventilar en sus méritos, por lo cual solo procederá cuando existe un claro convencimiento de su aplicabilidad y se entienda que una vista en su fondo es innecesaria.

A tono de ello, la disposición sumaria de los asuntos no es automática. Aun ante la inexistencia de una oposición de la parte promovida, esta solo procederá si no hay duda de que los hechos esenciales del caso están incontrovertidos. En el caso que hoy nos ocupa, existe controversia sobre la existencia de una relación contractual

entre las partes; los términos de dicha relación, si alguno; la existencia de un incumplimiento contractual de la parte recurrida; y la existencia de daños por incumplimiento contractual, si alguno.

De otra parte, el peticionario argumenta que el foro primario incidió al no dar por admitido el requerimiento de admisiones cursado a la parte recurrida, a pesar de que este fue contestado a destiempo. No le asiste la razón. Conforme fue esbozado, a pesar de que el término de veinte (20) días dispuesto en la Regla 33, *supra* es de carácter mandatorio, la aplicación del referido término no opera de forma irrestricta, puesto que los tribunales deben ser cautelosos al interpretar las admisiones tácitas y al aplicar los términos establecidos en el ordenamiento procesal civil. De esta manera, se evita que las consideraciones técnicas no prevalezcan ante las causas justas.

Cónsono con lo anterior, huelga destacar que uno de los objetivos principales de la Regla 33, *supra* es evitar que la desidia de una parte cause dilación en los procedimientos judiciales. El referido estado de dejadez y dilación procesal no ocurrió en el presente caso. La parte recurrida no demostró inactividad en el manifiesto de sus defensas; y cumplió con el término final concedido para contestar el "*primer interrogatorio, requerimiento de producción de documentos y requerimiento de admisiones*" y la "*Moción Solicitando que se Dicte Sentencia Sumariamente (Moción de Sentencia Sumaria al Amparo de la R. 36.)*" A su vez, el caso de epígrafe no ha tenido retrasos significativos, ya que aún se encuentra en una etapa temprana de los procedimientos en la que no se ha celebrado una conferencia inicial. Además, el 30 de octubre de 2024, el foro primario aceptó las contestaciones del requerimiento de admisiones, cursadas por la parte recurrida, al denegar la "*Oposición* a *Moción Informativa en Cumplimiento con Resolución Interlocutoria* [33]," presentada por el peticionario en la que argumentaba que dichas contestaciones se debían dar por no puestas.

En vista de ello y a tenor de la Regla 40, *supra*, determinamos denegar la expedición del auto de *certiorari*.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del recurso de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones